UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:09CV30-J

KIMBERLY A. GROPP                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant Kimberly Gropp's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for disability insurance benefits ("DIB"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and should be upheld.

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB benefits on November 29, 2004 alleging that she became disabled on August 28, 2003 at age 30 as a result of fibromyalgia, depression, migraines, sleep, and chronic fatigue (Tr. 133). Claimant's previous work includes real estate office manager and sales agent, receptionist, substitute teacher assistant, salesclerk, receptionist/file clerk, rape victim advocate, and cashier (Tr. 74). Following a hearing at which the claimant, claimant's husband, and a vocational expert offered testimony, Administrative Law Judge George Jacobs ("ALJ") found that the claimant suffers from severe impairments of fibromyalgia, chronic fatigue syndrome, migraine headaches, peripheral vision deficits, and an affective disorder (bipolar/depression/mood disorder). In Finding #5, the ALJ held that the claimant retains the ability to perform some sedentary work, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except she requires an opinion to sit and stand as necessary at the workstation to relieve pain. She can occasionally perform postural activities but never climb ladders, ropes, or scaffolding. She must avoid workplace hazards such as machinery and heights. The claimant can frequently perform grasping and fine fingering with both hands. She can perform work not requiring peripheral vision. The claimant can perform simple, repetitive tasks but no production or rate paced work rather only goal oriented work. She can have occasional contact with co-workers and supervisors but not public contact.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v.

Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ improperly relied upon the vocational expert's opinion because his testimony conflicts with the assessed residual functional capacity; and 2) the case should be remanded on the basis of new and material evidence in the form of a psychological assessment by Wayne Fuller which was submitted to the Appeals Council.

## ANALYSIS

This is a Title II claim in which the plaintiff's insured status for Title II benefits expired on December 31, 2007. Therefore, the sole issue in this case is whether substantial evidence supports the ALJ's finding that the plaintiff was not disabled prior to December 31, 2007.

1. <u>The ALJ improperly relied upon the vocational expert's opinion because his testimony conflicts with the assessed residual functional capacity</u>.

This case was denied at the fifth and final step of the sequential evaluation process based upon a finding that, although she no longer can perform her past relevant work, the claimant retains the ability to perform other jobs that exist in significant numbers in the national economy. This finding was based upon the testimony from a vocational expert ("VE"). The VE testified that an individual with the limitations stated in Finding No. 5, <u>supra</u>, would retain the ability to perform a limited range of sedentary, unskilled jobs with a sit/stand option in the state economy, including assembler positions (1,500 unskilled, sedentary jobs) and inspector positions (500 unskilled, sedentary jobs) (Tr. 849).

At this last step in the sequential evaluation process, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exists in the national

economy that the claimant can still perform, Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990). Typically, in cases such as the present one involving judicial review of a fifth-step denial decision which was predicated upon vocational testimony, the VE's testimony constitutes substantial evidence in support of the ALJ's decision. Unless the claimant points the Court to evidence in the administrative record which the ALJ was require to accept that prior to December 31, 2007, she suffered from an additional vocationally-significant limitation that was not contemplated by the foregoing vocational testimony as a whole, the Court should affirm the ALJ's denial decision. See Varley v. Secretary, 830 F.2d 777 (6th Cir. 1987). The claimant has failed to identify any such evidence.

The claimant's arguments regarding the vocational testimony in this case pertain to the cross-examination testimony elicited at the hearing. Specifically, the claimant takes issue with the testimony from VE Taylor indicating that, "There would be sedentary, unskilled positions within the state of Kentucky. These would include assembler positions, approximately 1,500; approximately 500 Production Inspector Checker positions." (Tr. 849) Plaintiff asserts that upon cross-examination, the VE's testimony did not hold up and became contradictory. For example, the claimant points to the discrepancy between the ALJ's hypothetical which included a limitation to performance of "simple, repetitive tasks but no production or rate paced work rather only goal oriented work" and the VE's response to a question about the sit/stand option which assumes a need to "maintain pace and production levels." (Tr. 850) The Court notes this discrepancy, but nonetheless finds that the "goal oriented work" contemplated by the ALJ's RFC assumes at least some level of productivity. There is further testimony by the VE in which he refers to the hypothetical individual's pace or production level, and indicates that, "there's always minimal

4

requirements." Claimant apparently is arguing that the ALJ's limitation of "simple, repetitive tasks but no production or rate paced work rather only goal oriented work" would preclude any work where there is even a minimal expectation of production. Such an interpretation of "only goal oriented work" would defy logic and most any definition of productive employment. While there may not be mandatory production or rate paced work, it stands to reason that all jobs require at least some minimum level of productivity from employees.

Though not specifically raised by the claimant, the Court finds it necessary to *sua sponte* evaluate the number of jobs identified by the VE and whether they constitute a significant number of jobs in the national economy. The ALJ limited the claimant to sedentary, unskilled work with a sit/stand option, to which the VE testified there would remain assembler and production inspector checker positions together totaling approximately 2,000 jobs in the state of Kentucky. This Court recently remanded a case for a new decision and presentation of new vocational hypotheticals and testimony where the vocational testimony whittled down the available jobs to 900 in the state of Kentucky and 60,000 in the nation, as this Court doubted that so few would constitute a significant number of jobs in the national economy. See Mackins v. Astrue, – F.Supp.2d – 2009 WL 2422206 (W.D.Ky., 2009). The Sixth Circuit has held that 700 jobs in the local economy and 700,000 in the national economy constitute a significant number, and quoted with approval an unpublished opinion finding that 125 jobs in the local economy and 400,000 in the national economy constituted a significant number. See Harmon v. Apfel, 168 F.3d 289 (6th Cir. 1999). Accordingly, the Court finds in this instance that the number of jobs identified barely meet the minimum necessary to constitute a significant number.

2. <u>The case should be remanded on the basis of new and material evidence in the form of a disabling psychological assessment completed by Wayne Fuller which was submitted to the Appeals Council</u>.

The evidence that is the subject of the claimant's request for remand is a disabling report/opinion from Wayne Fuller, M.A. following a mental assessment he performed on the claimant on December 15, 2008, (Tr. 796-805). Of particular import is the date of the examination, which is almost a full year *after* the claimant's date last insured of December 31, 2007. In that report, Mr. Fuller summarizes the plaintiff's medical records, her personal history/background, and the results of the personality exams he administered. Following the narrative report, there is a Mental Residual Functional Capacity Assessment form wherein he opines that the claimant is markedly limited in two areas of functioning: in her ability to maintain attention and concentration for extended periods, and in her ability to accept instructions and respond appropriately to criticism from supervisors (Tr. 803-804).

This Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ. <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993). Evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. <u>Cline v. CSS</u>, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision.") Evidence submitted by a claimant after an ALJ's decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for remand pursuant to sentence six of 42 U.S.C. 405(g). The

party seeking a "sentence six" remand bears the burden of proving that remand is proper., i.e., the plaintiff must show that the evidence is material and there was good cause for its late submission. Oliver v. Secretary of HHS, 804 F.2d 964, 966 (6th Cir. 1986).

New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Secretary of HHS, 865 F.2d 709, 711 (6th Cir. 1988). The Court finds that the plaintiff has failed to establish that the Fuller report is new and material, or that there was good cause for not submitting the report to the ALJ. Notably absent from the Mental Residual Functional Capacity Assessment are any clinical findings or support for the marked limitations found. Also absent from both the narrative report and the assessment is any indication that the marked mental limitations assessed relate back to the relevant time period before the expiration of the plaintiff's insured status. In light of these deficiencies, the Court finds that the evidence fails the "material" prong of the sentence six remand criteria. It is difficult to imagine a scenario in which the evidence from Mr. Fuller could reasonably be expected to change the ALJ's decision because it is not supported with clinical findings, and does not relate to the relevant insured time period before December 31, 2007. With regard to the "good cause" prong, it is not enough to argue that the report did not exist at the time of the hearing. Besides implying that previous counsel "dropped the ball," the plaintiff has not attempted to provide "good cause" justification for the failure to submit the evidence prior to the ALJ's decision. Accordingly, the claimant's request for remand must be denied.

In a related argument, the claimant faults the ALJ for not having obtained a mental assessment (at the expense of the Commissioner) in order to fully and fairly develop the record. Consultative examinations are only needed when necessary information is not in the record and

cannot be obtained from treating medical sources or other sources. Where the record contains sufficient evidence in the form of a claimant's extensive medical history, no expert testimony is needed to decide the disability claim, Williams v. Callahan, No. 97-3601, 1998 WL 344073, at *4 n. 3 (6th Cir. May 26, 1998). The Court finds no error in the ALJ's failure to enlist a medical expert in this case.

## CONCLUSION

The Court finds that the ALJ properly performed his duty as the trier of fact in resolving conflicts in the evidence. See Richardson v. Perales, 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Accordingly, for the reasons stated,

IT IS ORDERED: 1) the decision of the Commissioner is found to be supported by substantial evidence and is hereby AFFIRMED. 2) A Judgment in conformity with this Memorandum Opinion has this day entered.